# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALEXANDER MOSS,<br><br>      Plaintiff,<br>v.<br><br>C.O. KRAUSE, C.O. KELLY, C.O. BARBEAU, C.O. DEMERS, SGT. WOLF, SGT. SCHOUTEN, LT. HAYNES, CAPTAIN BAUER, and DEPARTMENT OF CORRECTIONS,<br><br>      Defendants. | Case No. 18-CV-157-JPS<br><br>**ORDER** |

  Plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Waupun Correctional Institution ("Waupun"). (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $10.24. 28 U.S.C. § 1915(b)(4).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d

773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern the events of a single evening: December 21, 2016. (Docket #1 at 2). On that day, Plaintiff was housed in Waupun's restrictive housing unit on observation status. *Id.* at 3. At 5:00 p.m., Defendant Krause, a correctional officer, was doing observation checks and came by Plaintiff's cell. *Id.* at 1. Plaintiff asked for his face towel and soap and she refused without giving a reason. *Id.* He responded that he needed to be placed in bed restraints and began to bang his head on the window of his cell door. *Id.* Krause walked away. *Id.*

Plaintiff then pressed the call button in his cell and told Defendant Kelly, a correctional officer, that he was going to continue self-harming activities. *Id.* at 1–2. Defendant Kelly's response is not reported in the complaint. *See id.* Plaintiff started banging his head again, in view of the camera inside his cell. *Id.* at 2. Defendant Barbeau, another correctional officer, then approached the cell door and asked what was going on. *Id.* Plaintiff told her that he had not received the items he requested, and Barbeau agreed to consult with Krause. *Id.* Krause came and spoke with

Plaintiff about the items and agreed to provide them if he calmed down. *Id.* He did so for about twenty minutes, but Krause did not provide the items he had requested, so he began banging his head again, from about 5:30 to 5:45 p.m. *Id.*

Another correctional officer, Defendant Captain Bauer, did an observation round sometime thereafter and, according to Plaintiff, witnessed Plaintiff's injuries. *Id.* Plaintiff does not describe the nature of his injuries at this point. *Id.* Plaintiff asked for medical treatment but Bauer refused, telling Plaintiff that he looked fine. *Id.* Bauer then walked away. *Id.* Plaintiff again began to bang his head. *Id.* Similarly, around this time Defendant Sergeant Wolf passed by Plaintiff's cell and ignored his plea for medical care. *Id.* at 3.

Barbeau and another officer, Defendant Sergeant Schouten, came to Plaintiff's cell some time later to distribute medication. *Id.* at 2. At this juncture, Plaintiff told Barbeau that he needed medical care and she advised him to stop banging his head. *Id.* Plaintiff repeated his request to Schouten, who said he would inform the health services unit of the request. *Id.*

Later, between 8:30 and 9:30 p.m., Defendant Lieutenant Haynes did a round in the restrictive housing unit. *Id.* He witnessed Plaintiff's head bleeding. *Id.* Plaintiff requested medical care, and Haynes replied that he would let the medical personnel know but could not force them to see Plaintiff. *Id.* at 2–3. Thereafter, Defendant Demers, another correctional officer, walked past Plaintiff's cell and Plaintiff stopped him to ask for medical assistance. *Id.* at 3. Plaintiff does not provide Demers' response, but he complains that no medical personnel ever came to see him. *Id.* As a result, he started banging his head yet again, this time until 11:30 p.m. *Id.*

At around 12:55 a.m. on the morning of December 22, 2016, Captain Larson, who is not a defendant in this case, pulled Plaintiff out of his cell to be seen by the health services unit. Whatever Plaintiff's diagnosis and treatment ultimately were, he does not say. *See id.*

Plaintiff contends that Defendants violated his rights under the Eighth Amendment. That Amendment prohibits "cruel and unusual punishments." U.S. Const. Amend. VIII. It imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Negligence, or even gross negligence, cannot support a claim of deliberate indifference. *Estelle*, 429 U.S. at 105–06. Rather, liability requires conduct that approaches intentional wrongdoing—"something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Courts agree that suicide, attempted suicide, and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety. *See Collins*, 462 F.3d at 760; *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies."). At the same time, courts have recognized that such conduct is inherently difficult to

predict, particularly in the depressing prison setting. *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 990 (7th Cir. 1998) ("No one can predict suicide with any level of certainty[.]"). Where the harm at issue is attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins*, 462 F.3d at 761.

Here, Plaintiff's theory of liability under the Eighth Amendment is not entirely clear. Does he believe that Defendants callously disregarded his self-harming conduct? Does he instead take issue with Defendants' repeated refusal to obtain him medical care for his self-inflicted injuries? Is his case about both? These questions require answers, but not at the screening stage. For present purposes, the Eighth Amendment inquiry for each type of claim is materially identical. Plaintiff has sufficiently alleged that Defendants knew of his self-harming tendencies—whether because of Plaintiff's observation status, his verbal warnings, or his self-harming acts themselves—and his resulting injuries. Further, they knowingly ignored him, refused to intervene, or refused to seek medical care for him at his request. These allegations are enough to pass the low bar set at screening.[1]

For the reasons stated above, Plaintiff shall be permitted to proceed against all Defendants, save the Department of Corrections, on a claim of deliberate indifference to his serious medical needs and/or self-harming tendencies, in violation of the Eighth Amendment. 28 U.S.C. § 1915A(b).

---

[1]The only problem with the complaint that needs to be addressed at this juncture is that the Wisconsin Department of Corrections is not a suable entity under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Thus, Plaintiff's claims against it must be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Department of Corrections be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on the remaining Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the remaining Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[2] If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.