# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALEXANDER MOSS, | |
| Plaintiff, | Case No. 18-CV-157-JPS |
| v. | |
| JESSICA KRAUSE, CRYSTAL KELLY, NIKITA BARBEAU, KYLE DEMERS, NATHAN WOLF, DEREK SCHOUTEN, NATHAN HAYNES, and WAYNE BAUER, | **ORDER** |
| Defendants. | |

Plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Waupun Correctional Institution ("Waupun"). (Docket #1). In its scheduling order, the Court granted Plaintiff leave to amend his complaint prior to May 15, 2018. (Docket #12 at 1). On May 2, 2018, Plaintiff submitted an amended complaint, (Docket #14), which the Court will now screen pursuant to 28 U.S.C. § 1915A.

Notwithstanding the payment of any fee, Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The same

standards applicable in the first screening order remain applicable here. (Docket #8 at 1–3).

Plaintiff's allegations in the amended complaint are functionally identical to those in the original complaint. As the Court noted in its original screening order, Plaintiff's allegations concern his claim that he was ignored during bouts of self-harm on December 21, 2016, during which he allegedly banged his head on his cell door and caused himself injury. *Id.* at 3–5. Defendants are all correctional officers who allegedly encountered him during this episode and, in Plaintiff's view, did not adequately intervene to stop his self-harm or secure him medical attention. *Id.*

His amended complaint generally alleges the same facts against the same defendants, with a few irrelevant changes to the finer details of his allegations, including reporting what precisely officers said in response to his pleas for medical care. (Docket #14 at 4–7). The only meaningful differences between the original and amended complaint are: (1) Plaintiff has included the correctional officers' first names; (2) he has omitted the Wisconsin Department of Corrections ("DOC") as a defendant; and (3) he has clarified that his theories in this case are both that his self-harming tendencies were ignored and his follow-on pleas for medical care were likewise ignored. *See id.* at 1, 7.

The first and third changes are helpful, as they lend greater clarity to Plaintiff's allegations. The second change was unnecessary, as the Court had already dismissed the DOC because it is not a suable entity under 42 U.S.C. § 1983. *Id.* at 6 n.1; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the facts and defendants remain essentially the same as before, the Court finds that Plaintiff can, for the reasons previously stated, proceed on a claim of deliberate indifference to his serious medical needs

and a claim of deliberate indifference to his self-harming tendencies, both in violation of the Eighth Amendment, under 42 U.S.C. § 1983. (Docket #8 at 5–7); 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #14) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge